# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40532
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN NICOLAS AMADO-REYES,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1384-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Nicolas Amado-Reyes (Amado), who pleaded guilty to harboring aliens within the United States for private financial gain, argues that the district court erred by imposing a four-level increase pursuant to U.S.S.G. § 2L1.1(b)(5)(B) for brandishing a firearm. Because Amado preserved this argument in the district court, we review the district court's factual finding for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clear error.[1]  "There is no clear error if the district court's finding is plausible in light of the record as a whole."[2]

Section 2L1.1(b)(5)(B) applies if a dangerous weapon was "brandished or otherwise used."[3]  A dangerous weapon is "brandished" if "all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person."[4]

The district court was free to adopt as fact a witness statement contained in the presentence report that, on one unspecified occasion, Amado made verbal threats while a gun was visible on his waist.[5]  Amado's denial of such conduct does not constitute competent rebuttal evidence.[6]  Nor do the facts cited by Amado rebut the evidence relied upon by the district court; the two other witnesses cited by Amado did not deny that he brandished a firearm, and the failure of law enforcement officers to find a firearm at the time of Amado's arrest does not establish that Amado did not brandish a firearm on a prior occasion.[7]  Amado fails to show clear error.[8]  We therefore AFFIRM.

---

[1] *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

[2] *Id.* (quoting *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008) (per curiam)) (internal quotation marks omitted).

[3] U.S.S.G. § 2L1.1(b)(5)(B).

[4] U.S.S.G. § 1B1.1, cmt. n.1(C).

[5] *See United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002) (per curiam).

[6] *See United States v. Lowder*, 148 F.3d 548, 552 (5th Cir. 1998).

[7] *See Cabrera*, 288 F.3d at 173-75.

[8] *See Cisneros-Gutierrez*, 517 F.3d at 764.